IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **HOLLY NEIL BENNETT,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v.      ) | **Civil Action No. 5:12-1774** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On May 31, 2012, Petitioner, acting *pro se* and incarcerated at FCI Beckley, filed his Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1.) Petitioner alleges that he is actually innocent based upon United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). (Id., p. 6.) Petitioner explains that "[o]n or about April 2, 2009, Petitioner was sentenced to a prison term of 170 months of imprisonment; this was after he was deemed to be a Career Offender under U.S.S.G. § 4B1.1."[2] (Id., p. 2.) Petitioner states that when

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] On December 15, 2008, Petitioner pled guilty in the United States District Court for the Northern District of West Virginia to one count of maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(2). *United States v. Bennett*, Case No. 1:08-cr-0078 (N.D.W.Va. April 2, 2009), Document Nos. 381 and 382. On April 2, 2009, the District Court sentenced Petitioner to a 170-month term of imprisonment, to be followed by a three-year term of supervised release. *Id.*, Document Nos. 536 and 541. Petitioner did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals. On January 8, 2010, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. *Id.*, Document No. 799. By Memorandum Opinion and Order entered on April 29, 2011, the District Court denied Petitioner's Section 2255 Motion. *Id.*, Document No. 880. Petitioner filed a Notice of Appeal on May 11, 2011. *Id.*, Document No. 883. The Fourth Circuit dismissed his appeal on July 26, 2011. *Id.*, Document No. 914. On July 23, 2012, Petitioner filed his Second Section 2255 Motion. *Id.*, Document No. 1030. Specifically, Petitioner argued that he is no longer a career offender pursuant to *Simmons*. *Id.* By Proposed Findings and

he "was sentenced in Federal Court, a charge of unlawful wounding was used against the Petitioner to enhance his sentence." (Id., p. 3.) Petitioner argues that "[s]ince Simmons, only convictions that carry one year and one day can be used to career offender, the Court must disregard this conviction, and re-sentence the Defendant." (Id.) Therefore, Petitioner states that his 1998 conviction for unlawful wounding was improperly "taken into consideration in his 2009 sentencing to deem the Defendant as a Career Offender." (Id., p. 4.) Petitioner requests the Court "to order his sentence be reduced to a Sentence Guidelines offense level of 16 minus the 3 points level for acceptance of responsibility, he should be a level 13." (Id., p. 6.)

On October 19, 2012, Petitioner filed a Memorandum in Support of his Section 2241 Petition. (Document No. 8.) Petitioner continues to argue that he is "actually innocent of being a Career Offender" based upon Simmons. (Id.) Petitioner argues that "[t]he Court must examine Bennett's conduct in the crime, and rule that he was involved with an aggravate offense, and he therefore never received a sentence exceeding one (1) year imprisonment." (Id., pp. 4 - 5.) Petitioner contends that he "was sentenced to a crime that was one year and less, so it was not an aggravating crime that deserves to be used against [Petitioner]." (Id., p. 5.) Accordingly, Petitioner requests the Court "to order his sentence be reduced to a Sentencing Guidelines offense level of 16 minus the 3 point level for acceptance of responsibility, he should be a level 13." (Id., p. 8.) As an Exhibit, Petitioner attaches a copy of his "Revised Sentencing Order" as filed in the Circuit Court of Harrison County in State v. Bennett, Case No. 97F-79-1. (Id., pp. 11 - 12.)

---

Recommendation entered on August 28, 2012, United States Magistrate Judge James M. Seibert recommended that Petitioner's Motion be dismissed as successive. *Id.*, Document No. 1042.

## ANALYSIS

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief." Boysaw v. United States, 2011 WL 2634882 at *2 (S.D.W.Va.)(District Judge Berger). Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Thus, an application under Section 2241 "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. The focus of Section 2241 is upon the execution of a prisoner's sentence, not upon the validity of his conviction or sentence as is the focus of Section 2255. The remedy under Section 2241 is therefore not an additional, alternative or supplemental remedy to that prescribed under Section 2255. "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."). Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless, under Section 2255's savings clause, there is a showing that the remedy is inadequate or ineffective. 28 U.S.C. § 2255(e); In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

Before considering a petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas

3

Corpus on its merits, the Court must first determine whether the remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. The Fourth Circuit Court of Appeals held in In re Jones, 226 F.3d 328, 333 - 334 (4th Cir. 2000) that the remedy under Section 2255 is inadequate or ineffective and resort may be had to Section 2241

> when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000) (outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001)(Chief Judge Haden).

First, the Court finds that Petitioner is not challenging the execution of his sentence.

4

Petitioner is clearly challenging the validity of his sentence and requesting that he be re-sentenced based upon Simmons. Petitioner, however, has not shown and it does not appear that there is any basis for concluding that Section 2255 is inadequate or ineffective to test the legality of Petitioner's detention. The undersigned finds that Petitioner's challenge to the validity of his *sentence* does not meet the requirements of the saving clause. Petitioner's claim is therefore properly considered under Section 2255, not under Section 2241.[3] Having filed a Section 2255 Motion and that Motion having been dismissed, Petitioner's recourse is to seek permission to file a second or successive Section 2255 Motion for consideration of his claim from the Fourth Circuit Court of Appeals. 28 U.S.C. §§ 2255(h)(2).[4] Accordingly, Petitioner's claim cannot be considered under Section 2241 and should be dismissed. See United States v. Deibert, 2009 WL 2338002 at * 2 (W.D.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in

---

[3] Section 2255(a) provides that "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

[4] To obtain certification from the Court of Appeals, Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.

Federal Custody under 28 U.S.C. § 2241(Document No. 1.) without prejudice and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: October 23, 2012.

R. Clarke VanDervort
United States Magistrate Judge